IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA WALLER, :

    Plaintiff :

v. : Civil Action No. CCB-98-2640

SPINCYCLE, INC., :

    Defendant :

o0o

## ORDER

On July 12, 1999, a motion for summary judgment by Defendant was granted. Currently pending is a timely filed Bill of Costs by Defendant Spincycle. Spincycle is seeking $4,663.84 for the costs of depositions, copywork, facsimiles and long distance telephone calls. The Clerk has reviewed the Bill of Costs and Plaintiff's Opposition and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md.).

TRANSCRIPTS

The Clerk may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "we should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." *Advance Business Systems & Supply Co.*, 287 F. Supp. 143, 165 (D. Md. 1968). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In

this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses.

Spincycle is seeking $2,897.05 for the costs of the depositions of Plaintiff, two of its employees whose depositions were noted by Plaintiff - Peter Ax and Matthew Campbell, and for the sworn statement of another employee - Bruce Mosby. As the Court pointed out in its July 12, 1999 Memorandum, the statement of Mr. Mosby was not an actual deposition. Accordingly, its cost will not be allowed. As the depositions of Plaintiff, Mr. Ax and Mr. Campbell were relied upon by the parties in the summary judgment stage, their costs will be allowed in part as is set forth in the chart below.

| DEPONENT | AMOUNT SOUGHT | AMOUNT OF UN-ALLOWED COSTS[1] | NO. OF PAGES | RATE SOUGHT PER PAGE | RATE ALLOWED PER PAGE[2] | AMOUNT ALLOWED |
|---|---|---|---|---|---|---|
| Patricia Waller (11-6-98) | 1051.05 | 0 | 263 | 4.00 | 3.50 | 920.5 |

---

[1]Costs attributable to extra copies, copies of exhibits, shipping, etc. are not allowed.

[2]Unless the Court has determined in advance that a higher rate shall apply or the parties have agreed to a higher rate, the maximum amounts the Clerk will tax is:

    Ordinary transcript - original:    $3.50 per page

    Expedited transcript - original:    $4.50 per page

    Daily transcript - original:    $5.50 per page

    Copy of transcript:    $1.25 per page

If the actual page rate is lower than the maximum allowable rate, costs will be taxed at that rate.

| | | | | | | |
|---|---|---|---|---|---|---|
| Patricia Waller (2-8-99) | 914.50 | 0 | 247 | 3.70 | 3.50 | 864.5 |
| Matthew Campbell and Peter Ax | 749.25 | 69.75 | 302 | 2.25 | 1.25 | 377.5 |
| **TOTALS** | 2714.8 | | | | | 2162.5 |

COPYWORK

In this District, the Clerk will allow reasonable copying costs, i.e., up to $.15 per page, for copies of documents required to be provided to the Court or to opposing counsel. The costs of copies made for the convenience of counsel is not allowed.

Spincycle is seeking a total of $1,071.54 for the costs of copies. It breaks this down as $374.79 paid by local counsel to Xerox Management Services for copies at a rate of $.22 per page. It further specifies that $223.80 of this amount was for making three copies of 338 pages of pleadings filed with the Court, stating that one copy was for the Court, one for Plaintiff's counsel and one for Spincycle's counsel. Of this amount, Spincycle will be allowed $101.40, representing the cost of the copies for the Court and opposing counsel at a rate of $.15 per page. The cost of the copy of Spincycle's counsel is not allowable. Spincycle states that the remaining $151.71 was for "miscellaneous correspondence, documents and pleadings." Because it cannot be determined how much of this amount is simply ordinary office overhead which is not recoverable, none of it will be allowed.

Spincycle identifies $696.75 as the cost of copies paid by its regular counsel to Archer Management Services. It states that Archer charges a rate of $.15 per page. The documents copied are identified as documents provided to Plaintiff, correspondence, and unspecified transcripts and

3

pleadings. Because these items are not further described, nor are specific numbers of copies for particular items provided, it is impossible to determine how much of this amount is attributable to ordinary office overhead which is not recoverable. Accordingly, none of this costs will be allowed.

FACSIMILES AND LONG DISTANCE TELEPHONE CALLS

Finally, Spincycle seeks $367.00 for the costs of facsimiles and $328.25 for the costs of long distance telephone calls. These items are a part of ordinary office overhead and are not recoverable.

SUMMARY

Spincycle will be allowed costs of $2,162.50 for depositions and $101.40 for copywork. All other costs are disallowed.

CONCLUSION

In accordance with the foregoing, Spincycle is hereby awarded costs of $2,263.90.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk is directed to docket this Order and mail copies to all counsel of record.

DATED this 18st day of October, 1999.

Felicia C. Cannon
Clerk
United States District Court